By the Court,

Bronson, J.
The plaintiff below takes no exception to the pleas in matter of form, and the only question is, whether they are good in substance. The first objection urged against the pleas is, that .the justice had ■ no jurisdiction to issue the warrant: that neither the act relating to justices’ courts nor the charter of the city give any jurisdiction to a justice of the peace in actions to recover penalties for the violation of a by-law or ordinance of the common council of that city. We are referred to 2 jR. 8. 225, § 2, subd. 3, giving to justices cognizance of “all actions for any penalty not exceeding fifty dollars given by any statute of this statewhich, it is said, does not extend to the case of a penalty inflicted by an ordinance or by-law though made in pursuance of a statute. I do not think it necessary to consider the soundness of the argument, for the first subdivision of the same section gives *299 the justice jurisdiction of “ all actions of debt, covenant and assumpsit, wherein the debt or balance due, or the damages claimed, shall not exceed fifty dollars ;”.and I see no reason why this provision should be so restricted by construction as to exclude an action of debt to recover a penalty under a by-law. The 40th section of the charter provides for the recovery of a penalty inflicted by the ordinances of the common council “ in an action of debt, in any court having cognizance thereofand the 42d section of the charter declares, that “ the first process in any such action, brought before a justice of the peace, shall be by warrant.” Although the charter does not, in terms, declare that a justice shall have jurisdiction in actions for penalties under by-laws, as is the case in some other charters to which we were referred, I cannot doubt that the legislature intended these actions should be brought in justices’ courts. The penalty is recoverable “ with costs,” (§ 40;) and it would be very burdensome to a defendant to require the action for a debt which cannot exceed $25 to be brought in a court of record.
The second point was made for the purpose of raising the objection that the act incorporating the city is a private act, and. has not been sufficiently pleaded; but the objection was abandoned on the argument. It was also suggested under this point that the common council could not group several offences in one ordinance or by-law ; but the counsel was also understood to say that he did not rely on this objection.
It was not necessary for the defendant to aver in his pleas that the plaintiff had in fact violated the ordinance. It was the duty of the defendant, as attorney for the city, to sue for the recovery of penalties, and the statute gives him no choice but to proceed by warrant. (§ 42.) If he acts maliciously and without probable cause, the injured party may have redress by an action on the case. But where, as in this case, his motives have not been questioned, it is impossible to maintain that he is liable to an action of trespass and false imprisonment if he happens to be mis *300 taken in supposing that a penalty has been incurred by the person arrested.
The last objection and the one principally relied on by the plaintiff is, that the warrant issued without such affidavit, as is required by the act relating to justices’ courts. (2 R. S. 229, § 19. Statutes of 1831, p. 403, § 30, 31.) But the act incorporating the city was passed since the justice act, and it provides that “ the first process in any such action, [to recover a penalty] brought before a justice of the peace, shall be by warrant.” (§ 42.) The warrant is here given without . oath or affidavit; and the city attorney has no choice to proceed in any other way.' The word is not may, but shall. Under the justice act a warrant cannot issue except upon very special circumstances; and to hold that the attorney must comply with that act, would, in many cases, amount to a denial of all remedy for a violation of the city ordinances. I see no reason why we should disregard, the charter in settling this question. That differs in another respect from the justice act. When a penalty is recovered, execution may issue immediately. on the rendition of the judgment; and if there be no goods or lands, the defendant may be imprisoned in the county jail for a. period not exceeding thirty days. (§ 42.) So far as the charter goes, it gives the rule of proceeding in /suits to recover penalties. Beyond that,- the law and practice of the court in which the action is brought must be followed. There is nothing unusual in this. There are many other cases where the common course of proceeding is either set aside or modified by special legislation.
We are referred to the bill of rights, (1 R. S. 84, § 11,) which provides against unreasonable searches and seizures; and declares that “no warrants can issue but upon probable cause supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized.” ■ This relates to criminal process, and has nothing to do with arrests in civil suits. We have always had a bill of rights; and yet, until within a very *301 recent period, a man might he arrested on a copias and held to bail as a matter of course, and without any thing more than a mere claim on the part of the plaintiff, unsupported by oath or affirmation, that the defendant was his debtor.
Each of the pleas contains a good answer to the action. The judgment of the court below must therefore be reversed, and judgment must be rendered for the plaintiff in error on the demurrers.
Ordered accordingly.